In re A. G. BRASHEAR.

No. A-1714.    Opinion Filed April 8, 1912.

Petition for writ of habeas corpus from Oklahoma County by A. G. Brashear. Writ denied.

Wilson & Wilson, for petitioner.

Smith C. Matson, Asst. Atty. Gen., for the State.

FURMAN, P. J. This is a petition for a writ of habeas corpus wherein the petitioner avers that he is illegally restrained of his liberty and is unlawfully confined in the county jail of Oklahoma county by Jack Spain, sheriff of said county, under and by virtue of an order of commitment issued by the county court of said county, in which commitment it is alleged that judgment and sentence had been rendered in said court against petitioner, and petitioner states that as a matter of fact there was no judgment and sentence of record in said court or anywhere else at the time of the isuance of said order of commitment, which petition is duly sworn to by petitioner. The Attorney General, in his reply to said petition, files a certified copy of a judgment entered in the county court of Oklahoma county against petitioner on the 24th day of April, 1911, which judgment is as follows:

"Court convened on the 24th day of April, 1911, at 9 o'clock a. m., pursuant to adjournment, present: Honorable John W. Hayson, county judge, James S. Powers, clerk, Sam Hooker, county attorney, Verna De-Armond, official reporter, Jack Spain, sheriff, and H. T. Howard, bailiff. Public proclamation of the opening of court having been ordered and given, the following proceedings are had:

"2446—State v. Brashear. This cause coming regularly before the court on motion on arrest of judgment and the court being advised, it is ordered that said motion be and the same is hereby overruled and exceptions allowed.

"2446—State v. Brashear. This case coming regularly before the court on motion of the defendant for a new trial herein, and the court being advised, it is ordered that said motion be and the same is hereby overruled and exceptions allowed, whereupon it is the judgment of the court that the defendant be committed to the county jail of Oklahoma county, state of Oklahoma, and be confined in said county jail for a term of sixty days, and pay a fine of three hundred dollars and the costs of this action, said fine to be served at the rate of two dollars per day if not paid, to which ruling the defendant excepts. Ordered further that the defendant have forty days in which to make and serve a case-made on appeal to the Criminal Court of Appeals of the state of Oklahoma, the state to have ten days thereafter in which to suggest amendments thereto, said case-made to be signed and settled upon five days' written notice by either party. The defendant is further given five days in which to file appeal bond herein, and pending the filing of the said bond the defendant is released on his own recognizance.

"State of Oklahoma, Oklahoma County, ss:

"I, James S. Powers, clerk of the county court of said county do hereby certify that the foregoing is a full, true, correct and complete

copy of the judgment and sentence in case No. 2446, State v. Brashear, as fully as the same appears of record in journal 7, page 368, and on file in my office.

"In testimony whereof, I have hereunto set my hand and the seal of said county court at the city of Oklahoma City this the 29th day of April, 1912.

(Seal)      "(Signed) JAMES S. POWERS, Clerk of the County Court.
                                 "By ANNIE HOWER, Deputy."

It is further made to appear to the court that petitioner appealed from this judgment of the county court to the Criminal Court of Appeals, and that the judgment hereinbefore set out is incorporated in the transcript of the record filed on said appeal. It therefore appears that the affidavit made by petitioner is untrue. The Attorney General is instructed to withdraw the papers in said case from the files of this court and present them to the county attorney of Oklahoma county, in order that petitioner and all persons concerned with him in making such untrue affidavit may be prosecuted for perjury. Such practices must be stopped before justice in its purity can be administered in Oklahoma. Criminals must be made to know that it is a serious and exceedingly dangerous thing to make false statements under oath in this state. All of the time of this court is taken up in considering bona fide cases. We have no time to spend on fictitious cases founded on perjury. For a full discussion of our views on the subject of perjury, see Coleman v. State, 6 Okla. Cr. 252.

The writ of habeas corpus is refused.

ARMSTRONG and DOYLE, JJ., concur.